NOTE

Original Principal:
  $40,000.00                              June 5, 2003

    FOR VALUE RECEIVED, the undersigned, promises to pay ELIZABETH B. AKERLEY a/k/a/ BONNIE AKERLEY (75%) of Gloucester, Massachusetts (or in the alternative to Thorsen Anders Akerley and Leif Magnus Akerley in equal shares) and ANGELO ZAKAS (25%) of Gloucester, Massachusetts, the sum of EIGHTY THOUSAND AND 00/100 ($80,000.00) DOLLARS due and payable on June 5, 2004.
This Note is personal to the Holder and Non-Assignable.

    If full payment is made on June 5, 2004 no additional interest will be due. If, however, payment is not made on time, interest shall accrue at the rate of eight per cent (8.00%) per annum from June 5, 2004 forward.

    THIS LOAN IS DUE AND PAYABLE BY June 5, 2004. THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE MUST BE PAID AT THAT TIME.
    THE HOLDER IS UNDER NO OBLIGATION TO REFINANCE THIS LOAN AT THAT TIME.

    If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, we will pay a late charge to the Note Holder. The amount of the charge will be 3.00 % of any overdue payment. We will pay this late charge promptly but only once on each late payment.
    At the option of the holder, this Note shall become immediately

_____         _____
Initials                       Initials

**EXHIBIT**
COMPLAINT
5

due and payable without notice or demand upon the occurrence at any time of any of the following events of default (1) failure to pay in full the principal or interest due within twenty (20) day after Holder has sent the undersigned written notice of failure to pay on the date due under this Note, or default of any other liability due to Holder by the undersigned, or of any endorser or guarantor of any

liability, obligation of undertaking, hereunder or otherwise, to Holder; (2) any breach in the covenants, conditions or agreements contained in any mortgage or other instrument given to secure this Note; (3) any statement, representation or warranty made by the undersigned or any indorser or guarantor of this Note
being false in any material respect; (4) the death of the undersigned or of any indorser or guarantor hereof; (5) the institution by or against the undersigned or any indorser or guarantor hereof of any proceedings under the Bankruptcy Code or any other law in which the undersigned or any indorser or guarantor hereof of an assignment or trust mortgage for the benefit of creditors; or (6) the service upon Holder of a writ in which Holder is named as trustee of the undersigned or of any indorser or guarantor hereof.

The makers, endorsers, and guarantors or other parties to this Note, and each of them severally wave demand, notice and protest, and assent to any extension or postponement of the time payment or any other indulgence, to any substitution, exchange or release of collateral and/or to the addition or release of any other person primarily or secondarily liable.

In the event that legal proceedings are instituted to collect any amount due on this note, the undersigned agrees to pay to the holder, in addition to the amount of the unpaid balance and any interest that may be, all costs and expenses of such proceedings, including reasonable attorney's fees.

_____          _____
Initials                    Initials

This note may be pre-paid in full or in part prior to the due date without penalty.

Signed as an instrument under seal on the date first written above.

Signed and Sealed in the
presence of:

| | |
|---|---|
| Witness _/s/ Lisa A. Ciavate_ | John H. Byors _/s/_ |
| Witness _/s/ Lisa A. Ciavate_ | Jon F. Conant _/s/_ |
| Witness | NORTH COUNTRY STONE, INC. (authorized signature) |

BILL OF SALE

NORTH COUNTRY STONE INC., a duly organized Vermont corporation, (hereinafter referred to as "Seller"), in consideration of $40,000.00 paid by Bonnie Akerley (75%) and Angelo Zakas (25%), the receipt of which is hereby acknowledged, does hereby grant, sell transfer and deliver to said Bonnie Akerley and Angelo Zakas the following items:

> Four Black Marble Blocks designated as Block #315 containing 188.89 cubic feet, Block #183 containing 116.68 cubic feet, Block #184 containing 118.62 cubic feet and Block #201 containing 178.00 cubic feet of material. (602.19 c/ft total)

To have and to hold all and singular the said items to Bonnie Akerley and Angelo Zakas.

Seller hereby warrants that it is the lawful owner of said items and that they are free from all encumbrances and that the Seller has the right to sell them.

Signed as an instrument under seal this 5th day of June, 2003.

NORTH COUNTRY STONE, INC.

_____
Authorized signature

## AGREEMENT

Made this 5th day of June, 2003 between North Country Stone, Inc. a Vermont Corporation, John Byors, individually, Jon F. Conant, individually (hereinafter collectively referred to as "North Country") and Bonnie Akerley (75%) and Angelo Zakas (25%) (hereinafter referred to as "Investor"). For consideration paid and in consideration of the mutual promises and obligations as set forth below, the Parties agree as follows:

Purpose:

1. North Country is in the business of mining, producing and distributing marble products and has requested Investor's assistance in converting three of North Country's marble blocks into tile and/or slabs for sale and otherwise assist in its business.

2. Investor has agreed to provide $40,000.00 in funding for purchase of equipment and processing of said blocks.

3. By a bill of sale of even date, North Country has transferred ownership of four of its marble blocks to Investor in exchange for Investor's payment to North Country of $40,000.00.

4. North Country agrees to process said blocks into tile and/or slabs and to market and sell said material as soon as reasonably possible.

5. North Country intends to sell said products to third parties F.O.B., point of manufacture, i.e., GraniteSlab Co., 240 Ursulines Road, Stanstead, Quebec, Canada who will do the actual processing. Investor agrees to cooperate in executing any documents reasonably necessary to complete said sales of products to third parties.

Payment:

6. Payment for the products to North Country will be in U.S. Dollars via irrevocable letter of credit, cash or certified or bank checks drawn on U.S. banks.

7. Investor shall be entitled to payment of $80,000.00 one year from the date of this agreement. North Country will forward said proceeds to Investor via wire, bank check or other reasonable direction given by Investor to North Country. North Country may prepay the amount due at any time without penalty.

Location of Materials:

8. During the pendency of this agreement, North Country will keep the blocks and/or finished materials either at its quarry site on Barney Road, Swanton, VT or at the processing site for GranitSlab Co. at 240 Ursulines Road, Stanstead, Quebec, Canada until sold. Investor may inspect said blocks or materials at reasonable times upon

reasonable notice to North Country. North Country will not allow the materials to be removed from said locations, except for transport from one to the other or after being paid for their sale without Investors consent.

9. North Country will keep the materials in good condition and free from all liens and will not allow the materials to be encumbered in any other manner.

Status of contracts, orders, etc.:

10. Investor shall be entitled to receive information regarding the status of all materials and will be provided with copies of any contracts or orders relating to the materials promptly after North Country receives them.

Notice provisions:

11. Any notices or communications may be given to North Country by mail or fax to 64 Middle Street, Gloucester, MA 01930 c/o Jon F. Conant. Phone: (978) 283-9910. Fax: (978) 281-4908. Contact may also be made through North Country Stone, Inc., P.O. Box 850, 210 College Street, Burlington, VT 05401. Phone: (802) 598-3585. Fax: (802) 878-6542.

12. Any notices or communications may be given to Investor by mail or fax to 68 Eastern Point Road, Gloucester, MA 01930. (978) 283-4488.

Jurisdiction and Enforcement:

13. The parties agree that this contract may be construed as a Massachusetts contract governed by Massachusetts Law. Both parties agree that the courts of Massachusetts shall have jurisdiction over any dispute hereunder.

14. In the event of a breach of this agreement by either party, the non-breaching party shall be entitled to all costs and expenses of enforcement, including reasonable attorney's fees.

Witness our hands and seals this 5th day of June, 2003.

North Country Stone, Inc.

_____
Authorized Signature
Jon F. Conant

_____

Bonnie Akerley / Angelo Zakas

_____
John Byors

_____